IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EUGENE B. MCCALL,

       Petitioner,

v.

EDWIN VOORHIES, JR.,

       Respondent.

CASE NO. 2:08-cv-117
JUDGE FROST
MAGISTRATE JUDGE KEMP

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition, and that petitioner's claims regarding his re-sentencing be **DISMISSED**. Petitioner's motion to amend, Doc. No. 14, is **DENIED**. His motion to excuse unexhausted post conviction relief petition, Doc. No. 12, is **DENIED**, as moot.

## PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> In the early afternoon hours of October 18, 2000, appellant walked into Ford's BP Station, in the City of Zanesville, Muskingum County, and with a pistol in hand demanded money from James and Bonnie Ford, the owners of the station. At the time of the robbery, appellant wore dark jeans, a dark jacket, a gray colored sweatshirt, a white baseball cap and a

tight fitting glove. Appellant also had a gray bandana covering the lower portion of his face. Appellant carried a brown paper bag and a long barreled, chrome colored gun, which he pointed at the Fords during the robbery. Also present at the station, with the Fords, was Daniel Barnhart. Appellant ordered Mr. Barnhart to move closer to the counter and ordered Mrs. Ford to fill the brown bag with money. Mrs. Ford began tapping Mr. Ford's hand. Mr. Ford was standing behind his wife counting money. When Mr. Ford turned around, appellant placed the pistol two to three inches from Mr. Ford's stomach and ordered Mr. Ford to give him the money. Mr. Ford shoved his wife into an adjacent room and retrieved a pistol that he kept in the room. Mrs. Ford hit the alarm. When Mr. Ford returned to the front of the store, appellant had already fled the station. Mr. Barnhart and Mrs. Ford ran out of the station attempting to locate the direction appellant fled while Mr. Ford telephoned the police. Mr. Barnhart and Mrs. Ford observed a small, black vehicle on Lee Street heading toward the eastbound ramp of Interstate 70. Immediately following the robbery, Connie Tolliver entered the station and asked Mr. Ford if they had any problems. Mr. Ford informed Ms. Tolliver that an armed robbery had just occurred. Ms. Tolliver responded that she had just seen appellant going through the alley at a high rate of speed in a small, black vehicle. Ms. Tolliver also spoke on the telephone, with police dispatchers, and gave the dispatcher appellant's name and description. Based upon this information, the authorities issued an all points bulletin for appellant. After appellant discovered that the authorities were looking for him, he drove to the Zanesville Police Department where he was immediately arrested. While Mr. Ford was at the police station giving a statement about the robbery, appellant was brought into the same general area for interrogation. Mr. Ford immediately identified appellant as the person who had just robbed his gas station. The police photographed the vehicle appellant drove to the police station prior to impounding it as evidence. The police also obtained clothing and a small caliber handgun from a dumpster located in the same vicinity of the BP Station. On October 25, 2000, the Muskingum County Grand Jury indicted appellant on one count of aggravated robbery and one count of robbery. This matter proceeded to trial on December 28,

> 2000. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court determined that the one count of robbery, for sentencing purposes, merged with the one count of aggravated robbery and sentenced appellant to ten years on the count of aggravated robbery.

*State v. McCall,* 2001 WL 1230499 (Ohio App. 5th Dist. October 10, 2001). Petitioner filed a timely appeal. He asserted the following assignments of error:

> I. THE INITIAL OUT OF COURT IDENTIFICATION OF THE APPELLANT BY MR. JAMES FORD AND THE SUBSEQUENT IN COURT IDENTIFICATION OF APPELLANT BY MR. JAMES FORD SHOULD HAVE BEEN SUPPRESSED AS BEING UNDULY SUGGESTIVE AS (SIC) BEING (SIC) SUGGESTIVE (SIC) AND TAINTED BY THE INITIAL IDENTIFICATION PROCEDURE, THEREBY DENYING THE APPELLANT HIS DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
>
> II. IN RESOLVING CONFLICTS IN THE EVIDENCE, THE TRIER OF FACT CLEARLY LOST ITS WAY CREATING A MANIFEST MISCARRIAGE OF JUSTICE FOR THE REASON THAT THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

*See id.* On October 10, 2001, the appellate court affirmed the trial court's judgment. *Id.* Petitioner apparently did not file an appeal to the Ohio Supreme Court.

On March 21, 2001, petitioner filed a *pro se* delayed application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). *Exhibit 6 to Return of Writ.* On May 2, 2002, the appellate court dismissed the Rule 26(B) application for failure to show good cause for the untimely filing. *Exhibit 7 to Return of Writ.* Petitioner apparently did not file an appeal to the Ohio Supreme Court. On June 22, 2007, he filed a second Rule 26(B) application.

*Exhibit 22 to Return of Writ.* On August 1, 2007, the appellate court denied the application as untimely. *Exhibit 28 to Return of Writ.*

Petitioner also pursued other collateral action:

> On June 7, 2004, appellant filed an application for DNA testing. Subsequently, on August 30, 2004, appellant filed a Petition for Redress of Grievances and to Vacate the Void Judgment. The trial court denied the application for DNA testing by Judgment Entry filed January 13, 2005. The trial court's denial was based upon the finding that the DNA testing would not be outcome determinative. The trial court also denied appellant's Petition for Redress of Grievances by an Entry filed January 13, 2005. The trial court based the denial upon a finding that the issues should have been raised on direct appeal or by a motion for postconviction relief and that the time for filing such relief had long since expired.
>
> Appellant appealed to this court. FN1 On appeal, appellant raises the following assignments of error:
>
> FN1. On March 3, 2005, appellant filed a motion for postconviction relief, pursuant to R.C. 2953.21. That matter was stayed by the trial court pending resolution of this appeal.
>
> I. THE TRIAL COURT COMMITTED PREJUDICIAL REVERSIBLE ERROR, PURSUANT [TO] ARTICLE VI OF THE UNITED STATES CONSTITUTION.
>
> II. THE TRIAL COURT COMMITTED PREJUDICIAL REVERSIBLE ERROR, PURSUANT [TO] OHIO CRIMINAL RULE 52(B)."

*State v. McCall,* 2006 WL 163532 (Ohio App. 5 Dist. January 10, 2006). On January 6, 2006, the appellate court affirmed the judgment of the trial court. *Id.* Petitioner apparently never filed an appeal. Meanwhile, as discussed, *supra,* on March 3, 2005, petitioner filed a post conviction petition in which he asserted that his sentence violated *Blakely v. Washington,* 542

4

U.S. 296 (2004), and that he had been denied the effective assistance of trial and appellate counsel because his attorneys failed to object at sentencing on this basis or raise this claim on appeal. *Exhibit 14 to Return of Writ.* The trial court stayed the post conviction petition pending resolution of the above appeal. *Exhibit 15 to Return of Writ.*

> On March 20, 2006, Appellant was re-sentenced to the maximum stated prison term of ten (10) years by the Trial Court. Appellant's counsel was appointed to represent Defendant at the re-sentencing hearing and on its appeal. A timely Notice of Appeal was duly filed April 19, 2006.

*State v. McCall*, 2007 WL 725121 (Ohio App. 5th Dist. March 6, 2007). Petitioner filed a timely appeal raising the following assignment of error:

> I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND VIOLATED APPELLANT'S RIGHTS TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND UNDER ARTICLE I, § 16 OF THE OHIO CONSTITUTION WHEN IT RESENTENCED APPELLANT TO THE MAXIMUM STATED PRISON TERM OF TEN (10) YEARS WITHOUT PROVIDING APPELLANT REASONABLE NOTICE OF THE RESENTENCING HEARING.

*See id.* On March 6, 2007, the appellate court affirmed the trial court's judgment. *Id.* Petitioner did not file a timely appeal to the Ohio Supreme Court; however, on May 25, 2007, he filed a motion for delayed appeal. *Exhibit 20 to Return of Writ.* On July 25, 2007, the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the appeal. *State v. McCall*, 114 Ohio St.3d 1476 (2007).

On July 21, 2006, petitioner filed a motion to amend his March 3, 2005 post conviction petition to additionally assert the ineffective assistance of trial counsel due to

5

his attorney's failure to move for acquittal based on insufficiency of the evidence, and the ineffective assistance of appellate counsel. *Exhibit 22 to Return of Writ.* On September 20, 2007, he filed a second motion to amend his March 3, 2005, post conviction petition. *Exhibit 29 to Return of Writ.* On October 5, 2007, the trial court denied the motion. *Exhibit 30 to Return of Writ.* On March 23, 2007, petitioner filed a motion to reinstate his March 3, 2005, post conviction petition. *Exhibit 23 to Return of Writ.* On August 22, 2007, the trial court denied petitioner's motion to reinstate, stating that the original petition had been untimely filed. *Exhibit 24 to Return of Writ.*

On February 29, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. The sentence imposed is in violation of the defendant-petitioner's Sixth Amendment right to trial by jury.
>
> Trial court found facts not admitted by the defendant/petitioner nor submitted to the jury to impose an enhance[d] sentence of ten (10) years of imprisonment, seven (7) years beyond the three (3) year statutory maximum.
>
> 2. The conviction and sentence is void pursuant [to] the Sixth Amendment as the defendant-petitioner has been deprived [of] his right to effective assistance of counsel, a Fifth and Fourteenth Amendment violation.
>
> Trial counsel failed to argue that the state failed to prove the "deadly weapon" element of the offense of aggravated robbery and failed to move the court for acquittal based on the fact at the original trial. Trial counsel also failed to object to the re-sentencing of petitioner based on a decision of the Ohio Supreme Court (Foster).

3. Trial court committed prejudicial error when it re-sentenced petitioner to the enhanced maximum sentence of ten years after disregarding clearly established federal law. Violation of XIV Amend., and Ex Post Facto.

Upon re-sentencing, trial court imposed the same enhanced ten year sentence without regard for clearly established federal law that requires a trial court to impose a sentence not to exceed the statutory maximum at the time of the offense.

4. Trial court committed prejudicial error by denying the petitioner the right to amend his post conviction petition. Violating the petitioner's Fourteenth Amendment right to due process of laws.

On March 3, 2005, petitioner filed for post conviction relief, the state has failed to respond to not only the post conviction petition, but to all amendments filed thereafter. Rules of procedure allow a petitioner to amend his petition at any time before a response in contra by the State, therefore any amendment denied by the trial court denies the petitioner the right to due process and access to the courts.

5. Trial court committed prejudicial error when imposing consecutive enhanced maximum sentences in Case Number CR2000-194 and Case Number CR2000-057.

Trial court used facts not admitted by the defendant/petitioner nor proven beyond a reasonable doubt to a jury of his peers, to impose enhanced maximum sentences in Case Number CR2000-0194 and Case Number CR2000-0157.

6. Trial court violated the petitioner's Fourteenth Amendment right by sentencing petitioner originally to a three year maximum period of post release control. Thus violating the Ex Post Facto Clause of the United States Constitution.

The trial court, at the original sentencing, imposed a maximum period of three years of post release control, then at the resentencing hearing imposed a maximum period of five years of post release control.

It is the position of the respondent that all of petitioner's claims are procedurally defaulted.

On August 25, 2008, petitioner filed a motion to amend the petition to include the following additional claims:

> 7. Petitioner's October 25, 2000, grand jury indictment fails to charge a mens rea element for the offense of agg. robbery and robbery, in violation of the petitioner's Fourteenth amendment right to due process and equal protection of laws as guaranteed by the U.S. Constitution.
>
> 8. Petitioner has served more than eight years without being legally charged or convicted of an offense, violating the petitioner's [E]ighth Amendment right to be free of cruel and unusual punishment as guaranteed by the U.S. Constitution.
>
> 9. Petitioner's right to equal protection and due process of law was violated by the trial court by dismissing petitioner's civil Rule 60(b) motion.
>
> 10. The State of Ohio is constitutionally required to provide the petitioner an adequate remedy for vindicating the denial of federally protected constitutional rights, and their failure to do so is a violation of the petitioner's Fourteenth Amendment right to due process of law as guaranteed by the U.S. Constitution.

*Motion for Leave to Amend*, Doc. No. 14. Respondent opposes petitioner's request to amend the petition with new claims. Doc. No. 15.

### SUCCESSIVE PETITION

Although respondent did not raise the issue, this is not petitioner's first federal habeas corpus petition challenging these same convictions. On June 7, 2004, this Court dismissed petitioner's prior §2254 petition, which he filed on January 7, 2003. *McCall v.*

*Wolfe*, Case No. 2:03-cv-00021 (S.D. Ohio June 7, 2004). The dismissal was on the merits. Therefore, this action constitutes a successive petition.

28 U.S.C. §2244(b)(3)(A) states that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir. 1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(*per curia*). Under §2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

That being the case, this Court is without jurisdiction to entertain a second or successive §2255 action unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if petitioner succeeds in making a prima facie showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on

collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. §2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without §2244(b)(3)(A) authorization in *In re Sims, supra.*

> [W]hen a prisoner has sought §2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or §2255 motion is filed in the district court without §2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. §1631.

*Id.* at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996)(*per curia*).

Although it would seem that the Court lacks jurisdiction over this case, the Court notes that petitioner's claims challenging the trial court's March 20, 2006, re-sentencing, arguably are properly before this Court.

> [W]here a claim originates at resentencing and could not have been challenged at the original sentencing proceeding, the first § 2255 motion challenging that claim is not a "second or successive" motion within the meaning of § 2255, regardless of whether another § 2255 motion has been previously filed.

*See Lang v. United States*, 474 F.3d 348, 352 (6th Cir. 2007); *see also Cox v. Brunsman*, unpublished, 2008 WL 4185958 (S.D. Ohio September 5, 2008)(second §2254 petition challenging sexual predator classification did not constitute successive habeas corpus

10

petition):

> [P]etitioner filed and this Court dismissed his first federal habeas corpus petition in 1997, long before petitioner's July 2005 classification as a sexual predator, which is the sole issue raised in these proceedings. Through no fault of his own, petitioner therefore could not have raised his current claims in his prior §2254 petition. Under these circumstances, this Court is not persuaded that this action constitutes a successive petition as defined under the AEDPA subject to authorization for filing by the Sixth Circuit Court of Appeals.
>
> > AEDPA does not define what constitutes a "second or successive" petition. Courts have uniformly rejected a literal reading of Section 2244, concluding that a numerically second petition does not necessarily constitute a "second" petition for the purposes of AEDPA. *See United States v. Barrett,* 178 F.3d 34, 42-44 (1st Cir.1999). To interpret the term "second or successive," courts look to the pre-AEDPA abuse-of-the-writ doctrine. *See Martinez-Villareal,* 523 U.S. at 643-45, 118 S.Ct. 1618; *Muniz v. United States,* 236 F.3d 122, 127 (2d Cir.2001) (per curiam) ("We ... answer the question of whether a petition is second or successive with reference to the equitable principles underlying the abuse of the writ doctrine.").
> >
> > Under the abuse-of-the-writ doctrine, a subsequent petition is "second or successive" when it raises a claim that was, or could have been, raised in an earlier petition. *See McCleskey v. Zant,* 499 U.S. 467, 493-95, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *cf. Thomas v. Superintendent/Woodbourne Corr. Facility,* 136 F.3d 227, 229 (2d Cir.1997) (per curiam) (instructing a district court to determine whether a petition was successive by considering "whether the prior petition was dismissed with prejudice and whether the instant petition attacks the same

> judgment that was attacked in the prior petition"). Consequently, a claim raised in a prior Section 2254 petition, but dismissed as premature, is not subject to the gatekeeping provision of Section 2244. *See Martinez-Villareal,* 523 U.S. at 643-44, 118 S.Ct. 1618. Similarly, a petition is not "second or successive" when a state petitioner whose first petition was dismissed for failure to exhaust state remedies brings a new petition based on the exhausted claim. *See Camarano v. Irvin,* 98 F.3d 44, 46 (2d Cir.1996) (per curiam) ("[A]pplication of the gatekeeping provisions to deny a resubmitted petition ... would conflict with the doctrine of writ abuse...."). By the same logic, when a subsequent habeas petition contains both a new claim that could not have been raised in a prior petition and a claim that was previously raised, we deem such petition "first" as to the new claim and "second" as to the old claim. *See Galtieri v. United States,* 128 F.3d 33, 37-38 (2d Cir.1997).
>
> *James v. Walsh,* 308 F.3d 162, 168 (2nd Cir.2002); *see also In re Taylor,* 171 F.3d 185, (4th Cir.1999) (concluding that second § 2255 motion raising solely issues arising from re-sentencing after grant of first § 2255 motion did not constitute a successive petition); *see also Bachman v. Wilson,* 2007 WL 4553988, at **7, 9 n. 16 (N.D. Ohio, Eastern Division December 19, 2007) (noting that second habeas corpus petition raising issues relating to sexual predator hearing that could not have been raised in first habeas corpus petition was not a successive petition).

*Id.* Thus, this is a type of "mixed petition" which includes clearly successive claims, as well as claims that do not appear to qualify as successive. Assuming, however, that petitioner's claims regarding his re-sentencing are properly before this Court, as noted by respondent, all of those claims nonetheless are procedurally defaulted. The Court will thus decide these

claims on that basis.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) *(per curiam)*; *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and

13

independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir. 1985).

In claim two, petitioner asserts that trial counsel improperly failed to object to the trial court's re-sentencing as in violation of *State v. Foster*, 109 Ohio St.3d 1 (2006). In claim three, petitioner asserts that the trial court violated the Ex Post Facto Clause when it re-sentenced him. Petitioner failed to raise either of the foregoing claims in his appeal of the trial court's re-sentencing order. Instead, he asserted solely that he was denied adequate notice of the re-sentencing hearing. *See State v. McCall, supra*, 2007 WL 725121. Further, petitioner may now no longer raise such claims under Ohio's doctrine of *res judicata. See State v. Cole,* 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); State v. Perry, 10 Ohio St.2d 175 (1967). The state courts were never given an opportunity to enforce the procedural rule due to the nature of petitioner's procedural default. This Court deems the first and second parts of the *Maupin* test to have been satisfied.

This Court must also decide whether the procedural rules at issue constitute an adequate and independent bases upon which to foreclose review of petitioner's federal constitutional claims. This task requires the Court to balance the state's interests behind

each procedural rule against the federal interest in reviewing federal claims. *See Maupin v. Smith*, 785 F.2d at 138. Under this analysis, the procedural rules barring these claims constitute adequate and independent state grounds for denying relief. The state courts must be given a full and fair opportunity to remedy alleged constitutional defects. The requirement that all available claims be presented at the first opportunity serves the state's interests in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. Further, the doctrine of *res judicata* is stated in unmistakable terms in numerous Ohio decisions and Ohio courts have consistently refused to review claims on the merits under that doctrine. *See State v. Cole, supra; State v. Ishmail, supra; State v. Perry, supra*.

Petitioner can still secure review of these claims on the merits if he demonstrates cause for his failure to follow the state procedural rules as well as actual prejudice from the constitutional violations that he alleges.

> "'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him [;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)

*Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003). Petitioner has failed to establish cause for his procedural default.

Beyond the four-part *Maupin* analysis, this Court is required to determine whether this is "an extraordinary case, where a constitutional violation has probably resulted in the

15

conviction of one who is actually innocent ...." *Murray v. Carrier*, 477 U.S. at 495. Upon review of the record, the Court does not deem this to be such a case.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that petitioner's claims regarding his re-sentencing be **DISMISSED** and that the remainder of this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition. Petitioner's motion to amend, Doc. No. 14, is **DENIED**. His motion to excuse unexhausted post conviction relief petition, Doc. No. 12, is **DENIED**, as moot.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*,

474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


                <u>/s/ Terence P. Kemp   </u>
                United States Magistrate Judge